UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE L. WHYTE, II, | : | Case No. 2:24-cv-300 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Stephanie K. Bowman |
| FRANKLIN COUNTY SHERIFF'S OFFICE, et al., | : | **REPORT AND RECOMMENDATION AND ORDER** |
| Defendants. | : | |

Plaintiff, a prisoner at the Franklin County Corrections Center, has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983.

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

2

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    **B. Allegations in the Complaint**

On August 17, 2023, plaintiff, who identifies as a transgender female, alleges that she was booked into the Franklin County Corrections Center. (Doc. 1-1, Complaint at PageID 13). Plaintiff requested and was denied protective custody. Plaintiff indicates that she was initially housed in unit 2W5, where she immediately "was told that I would be assaulted if I didn't tell officers I couldn't stay there." (*Id.*). Plaintiff was subsequently moved to 2W16, where she indicates she stayed without incident until November 28, 2023. (*Id.*).

3

On that date, plaintiff alleges that defendant Officer Reager entered the unit to transport another inmate. Plaintiff and the other individuals in the unit were all laughing at something, when Reager allegedly singled plaintiff out, commenting "Whyte what the fuck is your gay ass laughing at? Since you want to be a smart ass pack your shit." (*Id.*). Plaintiff informed Reager that she was moved to the unit due to safety concerns regarding her gender identity. According to plaintiff, Reager responded "Well I'm about to teach you a lesson. . . . You're gay and annoying, two things I don't really care for." (*Id.* at PageID 14). Reager moved plaintiff to 2W12, despite plaintiff informing Reager that she feared for her safety in the new unit and requesting to speak to a sergeant. Plaintiff alleges that Reager stated he could move plaintiff wherever he wanted and denied her request to speak to a sergeant, before dragging plaintiff into the unit.

Plaintiff claims that inmates in the new unit "approached me and stated Reager wanted me 'whacked' which meant harmed and that I was placed on their unit by him purposely." (*Id.*). According to plaintiff, the inmates stated plaintiff had thirty minutes to find a way out. Plaintiff alleges that she was subsequently attacked by several inmates. Plaintiff claims her head "was punched and kicked against the metal door," resulting in plaintiff's head bleeding and front teeth being knocked out. (*Id.* at PageID 15-16). Plaintiff further claims that Reager stood outside of the door during the attack and, when plaintiff reported the incident, responded "Oh really? Why are you still conscious?" (*Id.* at PageID 15). Following the attack, Reager allegedly asked plaintiff "Did you learn your lesson?" and threatened to throw plaintiff "in a lion's den again and that this was how he punished 'smart ass mouths.'" (*Id.* at PageID 16). Following plaintiff's family members calling the prison, plaintiff claims Reager "threaten[ed] me with what would happen if I pursued [legal] action against him." (*Id.* at PageID 17).

4

Plaintiff alleges that with no explanation she was moved to solitary confinement at the instruction of defendant Sergeant Frazier. According to plaintiff, she was transferred after making multiple requests for grievances. Despite having no disciplinary history, plaintiff asserts that she is confined to her cell for twenty-two hours a day and is deprived of all phone contacts.

On January 10, 2024, plaintiff alleges that defendant deputy Kirkpatrick made sexually harassing comments to her. After plaintiff indicated that she would report Kirkpatrick's conduct, plaintiff claims Kirkpatrick retaliated against her by withholding food, subjecting her to false conduct reports, and depriving her of privileges afforded to all other inmates. (*Id.* at PageID 19). Plaintiff alleges that she reported Kirkpatrick's conduct to defendant Sergeant Clyburn, who failed to take action. (*Id.* at PageID 19, 20).

Plaintiff seeks injunctive relief and monetary damages. (*Id.* at PageID 21).

**C. Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed in this action against defendants Reager, Frazier, and Kirkpatrick. Plaintiff's claims against these defendants are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

The Franklin County Sheriff's Office should be dismissed as a defendant to this action. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or county sheriff's office is not a "person" within the meaning of § 1983. *See, e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D.

Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983). Even if the Court were to liberally construe the complaint as against Franklin County itself, plaintiff failed to adequately plead that her constitutional rights were violated pursuant to a county policy.[2] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint against the Franklin County Sheriff's Office should be dismissed.

The complaint should also be dismissed as to defendant Sgt. Clyburn. Plaintiff seeks to hold this defendant liable for the conduct of Kirkpatrick or for failure to take corrective action. (*See* Doc. 1-1, Complaint at PageID 19, 20). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison

---

[2] In this regard, the plaintiff's sole allegation in the complaint is a conclusory allegation that defendant Frazier "established customs that violated my constitutional rights." (Doc. 1-1, Complaint at PageID 21). *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) (affirming dismissal of § 1983 claim against a municipality where the plaintiff made only conclusory allegations of the existence of a custom or policy); *Smith v. Shelby Cnty.*, 3 F. App'x 436, 438 (6th Cir. 2001) (affirming dismissal of county defendant based on "wholly conclusory" allegations of a custom or policy). *See also Finnell v. Eppans*, No. 1:20-cv-337, 2020 WL 3548200, at *3 (S.D. Ohio June 15, 2020) (Report and Recommendation), *adopted* 2020 WL 354288 (S.D. Ohio June 30, 2020).

officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). The mere fact that defendant Clyburn holds a supervisory position and failed to take corrective action is not enough to impose liability on this defendant under section 1983. Clyburn should be dismissed as a defendant to this action.

Accordingly, in sum, plaintiff may proceed in this action against defendants Reager, Frazier, and Kirkpatrick. Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), except for plaintiff's claims against defendants Reager, Frazier, and Kirkpatrick.

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Reager, Frazier, and Kirkpatrick as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8