UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAURICE L. WHYTE, II,

    Plaintiff,

v.

FRANKLIN COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 2:24-cv-300

Morrison, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

### I. Background

On January 25, 2024, while incarcerated at the James A. Karnes Corrections Center, Plaintiff Maurice L. Whyte initiated this lawsuit pro se and *in forma pauperis* by filing a complaint against the Franklin County Sheriff's Office, Sgts. Frazier and Clyburn, and Deputies Kirkpatrick and Reager. On March 18, 2024, the undersigned recommended the dismissal of some claims and defendants but permitted this case to proceed on certain claims filed against Defendants Reager, Frazier, and Kirkpatrick. (Doc. 7; *see also* Doc. 12, adopting the Report and Recommendation). By Order of the same date, the undersigned directed Plaintiff to "promptly" inform the Court of "any changes in his address which may occur during the pendency of this lawsuit." (Doc. 7, PageID 85).

Plaintiff initially complied with that Order by filing a Notice of Change of Address on April 26, 2024 reflecting his transfer to the Corrections Center of Northwest Ohio. ("CCNO") (Doc. 9). On September 16, 2024, while still incarcerated at the CCNO, Plaintiff moved for the recusal of U.S. District Judge Michael H. Watson. (Doc. 23). However,

-1-

Judge Watson's October 2, 2024 Order granting Plaintiff's motion was returned to this Court as "undeliverable" based on the release of Plaintiff from his incarceration. (Doc. 27). No forwarding address was provided, and Plaintiff has filed nothing in the record since September 16, 2024 to apprise the Court of his current address.

### II. Failure to Prosecute

Given Plaintiff's failure to promptly notify this Court of his change of address, his complaint is subject to dismissal for failure to prosecute.

It is well established that it is incumbent upon any litigant, including a pro se prisoner litigant, to keep the Court apprised of his or her current address. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See*, *e.g.*, *Whittaker v. Hilltop Records*, No. 1:08cv555, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009) (dismissal of pro se plaintiff*); Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*,

960 F.2d 603, 608-609 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

### III.  Conclusion

For the reasons stated herein, **IT IS RECOMMENDED THAT** Plaintiff's case be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** for failure to prosecute, and that this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MAURICE L. WHYTE, II,

    Plaintiff,

v.

FRANKLIN COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Case No. 2:24-cv-300

Morrison, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).