UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAURICE L WHYTE, II,**

      **Plaintiff,**

    v.

**FRANKLIN COUNTY SHERIFF'S OFFICE, et al.,**

      **Defendants.**

Case No. 2:24-cv-300

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

### ORDER

In her Report and Recommendation (R&R, Doc. 28), Magistrate Judge Bowman recommends dismissing this action for failure to prosecute. For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 28) with one minor modification, and **DISMISSES** this case **WITHOUT PREJUDICE** for lack of prosecution.

On January 25, 2024, Plaintiff Maurice L. Whyte, II, then a prisoner proceeding pro se, initiated this action against the Franklin County Sheriff's Office and various individuals. (Compl., Doc 1-1). Whyte claims to have experienced various harms at the hands of inmates and officers on account of Whyte's gender identity. (*See id.* at #13–21). After granting Whyte's motion to proceed in forma pauperis (IFP), (Docs. 4, 5), the Magistrate Judge screened Whyte's Complaint (Doc. 6) pursuant to her authority under 28 U.S.C. § 1915A. After conducting that screening, the Magistrate Judge recommended that the Court dismiss Whyte's claims against some Defendants, but not others. (R&R, Doc. 7, #84). And importantly, in that R&R, the

Magistrate Judge instructed Whyte to promptly notify the Court of any address changes during the pendency of the lawsuit. (*Id.* at #85). The Court adopted that R&R in full. (Doc. 12).

Whyte initially complied with the Magistrate Judge's instruction, notifying the Court of a change of address on April 26, 2024. (Doc. 9). And after that, the case proceeded as most do. Whyte served the remaining Defendants, (Docs. 8, 14), who then filed answers, (Docs. 11, 13, 15). And the Magistrate Judge set a calendar order for the case. (Doc. 17). But then, Whyte's mail started returning as undeliverable, (*see, e.g.*, Doc. 27), presumably because of Whyte's release from incarceration, (Doc. 28, #149). And Whyte did not provide the prison a forwarding address or otherwise notify the Court of a new address. (*Id.*).

Whyte's failure to comply with Magistrate Judge Bowman's instruction to promptly notify the Court of any address changes led her to issue the instant R&R, which recommends dismissing the action with prejudice for failure to prosecute. (Doc. 4, #149–50). The R&R further advised Whyte of the deadline to object to the R&R. (*Id.* at #151). That deadline has since passed, and Whtye has not objected. So the Court will review the R&R only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Having reviewed the R&R, the Court concludes that it does not contain any "clear error." Fed. R. Civ. P. 72(b) (advisory committee notes). Under Federal Rule of Civil Procedure 41, the Court may dismiss a case when "the plaintiff fails to prosecute

2

or to comply with ... a court order." Fed. R. Civ. P. 41(b). While the rule explicitly mentions such dismissal only on a defendant's motion, it is long-settled that courts may dismiss matters sua sponte for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). And although courts prefer to adjudicate claims on their merits, where a plaintiff knowingly flouts a court's order, that's cause for dismissal under Rule 41(b). *See Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608–09 (6th Cir. 1992).

The Magistrate Judge ordered Whyte to keep the Court informed of address changes. (Doc. 7, #85). Whyte clearly understood that directive, given the notice of address change Whyte filed early on in the case. (Doc. 9). But then Whyte apparently decided no longer to conform to the Court's instruction, declining to notify the Court of subsequent address changes. And as the Magistrate Judge notes, "such basic information as a current address," is critical to ensuring both that Whyte is up on the case's status and that the matter moves along. (*See* Doc. 28, #149–50 (citing *Whittaker v. Hilltop Records*, No. 1:08-cv-555, 2009 WL 2734052, at *1 (S.D. Ohio Aug. 27, 2009))). So, given that Whyte seemingly no longer wishes to proceed with this case and the lack of objections, Court **DISMISSES** this action. But because "the dismissal of a claim for failure to prosecute is a harsh sanction," *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (cleaned up), the Court elects to do so **WITHOUT PREJUDICE**. The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

August 18, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4